OCT 1 0 2007

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# TACOMA DIVISION

OCT 05 2007

Gwen Morse
2602 Westridge Avenue #X304
University Place, WA 98466

    Plaintiff,

v.

Phillips & Cohen Associates, Ltd.
c/o CT Corporation System,
Registered Agent
1801 West Bay Drive NW Suite 206
Olympia, WA 98502

    Defendant.

CASE NO.:
JUDGE:



C07-5556 FDB

**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

07-CV-05556-CMP

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a consumer as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a debt as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. All of Defendant's actions occurred within one year of the date of this Complaint.

9. In or around February 2007, Plaintiff informed Defendant that she was not allowed to take personal telephone calls at work.

10. Despite Plaintiff's notice that she was not allowed to take personal calls at work, Defendant thereafter telephoned Plaintiff at work approximately five times.

11. On or around March 9, 2007, Defendant called Plaintiff at home and threatened to call Plaintiff's employer directly on March 12, 2007 unless Plaintiff paid her debt immediately.

12. Defendant did not call Plaintiff's employer on March 12, 2007 or anytime thereafter.

13. During the March 9, 2007 communication referenced above in paragraph 11, Defendant also threatened to start judgment proceedings against Plaintiff.

14. Defendant has not brought a lawsuit against Plaintiff.

15. On or around April 4, 2007, Defendant told Plaintiff that "they were coming after her."

16. Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

17. Defendant has damaged Plaintiff mentally and emotionally and has caused a great degree of anxiety and stress.

18. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

**19.** Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**20.** The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive and was not permitted to receive personal phone calls at work.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

**21.** Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**22.** The Defendant violated 15 U.S.C. §1692d in that defendant used threatening and abusive language during its communications in furtherance of debt collection.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

**23.** Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**24.** The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

**25.** Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**26.** The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not intended, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collections Practices Act

**27.** Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**28.** The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

**29.** Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**30.** Plaintiff prays for the following relief:

    a. Judgment against defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: *Amy Ward*
Amy E. Ward
Bar # 35613
Attorney for Plaintiff
600 Stewart St, Ste 724
Seattle, WA 98101
Telephone: 866-339-1156
Email: aew@legalhelpers.com